**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OSCAR EDUARDO RODRIGUEZ, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1869** |
| **MUTUAL OF ENUMCLAW INSURANCE CO., ET AL** | **SECTION: D (3)** |

**REASONS FOR ORDER**

Before the Court is Defendants' Motion in Limine to Exclude Exhibits 19 through 22 and to Exclude Evidence of Future Medical Expenses.[1] Plaintiffs oppose the Motion to Exclude Exhibits 19 through 22.[2] Plaintiffs do not oppose the Motion to Exclude Evidence of Future Medical Expenses.[3] The Court **DENIED** the motion pre-trial;[4] this Reasons for Order follows.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an automobile collision.[5] The Plaintiffs claim Defendant Farr was at fault for the collision.[6] Plaintiff Oscar Eduardo Rodriguez ("Mr. Rodriguez") claims he suffered neck injuries as a result of the collision, and Plaintiff Gema Marcia Rodriguez, Mr. Rodriguez's wife, claims she suffered a loss of consortium.[7] Defendants claim that Mr. Rodriguez was at fault for the collision and

[1] R. Doc. 54.
[2] R. Doc. 58.
[3] *Id.*
[4] R. Doc. 61.
[5] Joint Statement of the Case, emailed to Chambers on September 3, 2026.
[6] *Id.*
[7] *Id.*

further assert that Mr. Rodriguez's injuries were pre-existing and not related to the accident.[8]

On August 31, 2026, two weeks before trial, the Plaintiffs produced exhibits 19 through 22 to the Defendants.[9] The Defendants filed the instant Motion in Limine on September 2, 2026, seeking to exclude Exhibits 19 through 22 and to exclude evidence of future medical expenses from trial.[10] Plaintiffs than filed a Memorandum in Opposition to Defendant's Motion in Limine.[11] In their Memorandum, Plaintiffs opposed Defendants' Motion to Exclude Exhibits 19 through 22 and did not oppose Defendants' Motion to Exclude Evidence of Future Medical Expenses.[12]

## II. LEGAL STANDARD

The duty to disclose ongoing medical records is governed by Federal Rule of Civil Procedure 26(e)(1). The Rule provides that parties must supplement discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[13] Documents that have not been disclosed in accordance with Rule 26 are not permitted for use as evidence at trial unless the failure to disclose was substantially justified or harmless.[14] Courts look at the following factors to determine whether a violation of Rule 26 is harmless, "(1) the

[8] *Id.*
[9] R. Doc. 54-1 at 1-2.
[10] R. Doc. 54.
[11] R. Doc. 58.
[12] *Id.*
[13] Fed. R. Civ. P. 26(e)(1).
[14] Fed. R. Civ. P. 37(c)(1).

importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[15] A district court's ruling on evidentiary issues is reviewed by an appellate court for an abuse of discretion.[16] Thus, when the district court conducts "a carefully detailed analysis of the evidentiary issues and the court's own ruling, appellate courts are wary about finding an abuse of discretion."[17]

## III. ANALYSIS

In the instant Motion, Defendants seek to exclude exhibits 19 through 22 from evidence and to exclude evidence of future medical expenses.[18] The Court considers the arguments regarding those two issues in turn.

### A. Motion in limine to prohibit evidence of future medical expenses at trial.

Defendants move to prohibit evidence of future medical expenses at trial.[19] Defendants argue that discovery has revealed no evidence of future medical expenses and, therefore, "any reference to or discussion of future medical expenses should be excluded from the jury's purview."[20] Plaintiffs do not object to Defendants' Motion to Exclude Evidence of Future Medical Expenses and acknowledge that they have withdrawn their proposed charge on damage awards for future medical care.[21]

[15] *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).
[16] *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 356 (5th Cir. 1995).
[17] *Id.*
[18] R. Doc. 54.
[19] R. Doc. 54-1 at 1.
[20] *Id.*
[21] R. Doc. 58 at 1.

Therefore, the Defendants' Motion to Exclude Evidence of Future Medical Expenses is **MOOT**.

**B. Motion in limine to exclude exhibits 19 through 22 from evidence**

Two weeks before trial, the Plaintiffs produced exhibits 19 through 22 to the Defendants.[22] Exhibits 19 through 22 consists of the following medical records for Mr. Rodriguez: (1) billing for services related to the removal of instrumentation which took place on February 4, 2026,[23] (2) billing for 24 physical therapy appointments that took place from March 31, 2026 to July 2, 2026,[24] (3) a doctor's recommendation made in June 2026 for Mr. Rodriguez's to receive L5-S1 bilaterial facet joint injections ("facet joint injections"),[25] and (4) billing and note records for the facet joint injections Mr. Rodriguez received on August 7, 2026.[26]

Defendants argue the production of medical records two weeks before trial is inherently prejudicial to the Defendants.[27] They argue that records should be excluded because they alter the landscape of the case with respect to the purported future medical treatment of Mr. Rodriguez.[28] Defendants argue that the lack of information regarding the physical therapy and resulting injection recommendation has prejudiced them by giving them no opportunity to engage in additional discovery

---

[22] R. Doc. 54-1 at 1-2.
[23] Exhibit-21.
[24] Exhibit-22.
[25] Exhibit-20.
[26] Exhibit-19.
[27] R. Doc. 54-1 at 1.
[28] *Id.* at 2-3.

with respect to obtaining physical therapy records, deposing the recommending doctor and physical therapist, or preparing motions in limine.[29]

Plaintiffs respond that Defendants have been in possession of the note from Mr. Rodriguez's neurologist recommending physical therapy for several months and cannot claim surprise by the receipt of the physical therapy records.[30] They also argue that the Defendants were aware of the procedure Mr. Rodriguez underwent on February 4, 2026, and cannot claim surprise at the bill stemming from that procedure.[31] Plaintiffs also argue that the documentation related to the facet joint injections was received only recently and assert that production of those records was timely upon receipt by Plaintiffs.[32] They also argue that Defendants have failed to show that they will be prejudiced if any of the records are admitted at trial.[33]

For evidence to be excluded for a failure to disclose, the court must find that (1) there was duty to supplement discovery, (2) the supplemental disclosure was untimely, and (3) the failure to supplement discovery in a timely manner was not substantially justified or harmless.[34] The Court finds that the Plaintiffs had a duty to supplement discovery and that Plaintiffs' August 31, 2026 disclosure was untimely. However, the Court finds that the untimely supplemental disclosure was harmless and, therefore, declines to exclude the exhibits.

[29] *Id.* at 5.
[30] R. Doc. 58 at 3.
[31] *Id.*
[32] *Id.*
[33] *Id.* at 4.
[34] *See* Fed. R. Civ. P. 26(e)(1).

Under Rule 26(e)(1) parties must supplement discovery responses in a timely manner upon learning that they are incomplete or incorrect.[35] That duty is only triggered when the additional or corrective information has not otherwise been made known to the other parties during the discovery process.[36] Regarding the physical therapy billing information, it is not contested that Defendants had access to a note by Mr. Rodriguez's treating neurologist recommending physical therapy and stating the Mr. Rodriguez should follow up with the neurologist after the therapy was completed.[37] Plaintiffs further contend that Defendants also had access to billing statements from the physical therapist for Plaintiff's earlier treatment.[38] While the Defendants should have been aware that the Mr. Rodriguez was in physical therapy, the Defendants still lacked important information related to the physical therapy, such as how many sessions of therapy the Plaintiff was expected to attend prior to his follow up visit and the cost of the sessions. Because the physical therapy billing information contained additional information not previously disclosed to the Defendants, the Court finds the Plaintiffs had a duty to supplement discovery with the physical therapy billing information.

The Court finds the Plaintiffs also had a duty to supplement discovery regarding the additional bill for the procedure Mr. Rodriguez underwent on February 2, 2026.[39] As the injections constitute an additional procedure, the Plaintiffs clearly

---

[35] *Id.*
[36] *Id.* at 26(e)(1)(A).
[37] R. Doc. 58 at 3.
[38] *Id.*
[39] See Exhibit-21.

had a duty to supplement discovery with information regarding the facet joint injections.

Further, the late disclosures reflected that Mr. Rodriguez's physical therapy sessions started on March 31, 2026 and ended on July 2, 2026.[40] Plaintiffs' failure to provide Defendant with the physical therapy billing information until two months after the physical therapy had ended was untimely. By way of example, the billing related to the February 2, 2026 procedure was dated February 26, 2026 and not disclosed until six months later.[41] Mr. Rodriguez received his recommendation for facet joint injections on June 18, 2026.[42] While the actual injection did not occur until August 7, Plaintiffs, at a minimum, had a duty to disclose the recommendation and inform Defendants that Mr. Rodriguez would be receiving the injection prior to August 31, 2026. Thus, none of the Plaintiffs' supplemental disclosures were timely.

The court finds that the Plaintiffs' failure to timely provide supplemental disclosure was harmless. Courts look at the following factors to determine whether a violation of Rule 26 is harmless, "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[43] Although the Plaintiffs failed to explain their failure to disclose,[44] the Court finds that the prejudice to Defendants was negligible.

---

[40] R. Doc. 54-1 at 2.
[41] Exhibit-21.
[42] R. Doc. 54-1 at 2.
[43] *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).
[44] R. Doc. 58.

Defendants' main argument for why the failure to disclose was prejudicial is because of the impact the disclosures will have on an award of future medical expenses.[45] However, Plaintiffs have agreed to exclude evidence of future medical expenses, thus Defendants' reliance on future medical expenses to exclude the exhibits is moot.

Defendants also argue that they have been prejudiced because the untimely production of the exhibits prevented them from engaging in further discovery with respect to obtaining physical therapy records, deposing the recommending doctor and physical therapist, or preparing motions in limine.[46] The Court is not convinced by this argument. Based on previous discovery disclosures, the Defendants should have been aware that Mr. Rodriguez was attending physical therapy.[47] They also had access to billing information regarding Mr. Rodriguez's earlier physical therapy with the same physical therapist.[48] There was ample opportunity for the Defendants to depose Mr. Rodriguez's physical therapist or to request physical therapy records prior to the August 31, 2026 disclosure. In addition, Mr. Rodriguez's bill for the facet joint injection was $5,853.15.[49] It seems highly unlikely that the Defendants would have re-deposed Mr. Rodriguez's recommending doctor based on this minimal bill. Finally, the Defendants' argument that they would have filed additional motions in limine[50] is also unpersuasive, considering the Defendants provide no information on what

[45] R. Doc. 54 at 4-5.
[46] R. Doc. 54-1 at 5.
[47] R. Doc. 58 at 2.
[48] Id; Exhibit-5.
[49] Exhibit-19.
[50] R. Doc. 54-1 at 5.

arguments or requests they would have sought to make in those theoretical motions.[51]

In *Texas A&M Research Foundation v. Magna Transportation, Inc.* the Fifth Circuit found that any prejudice that Defendant faced because of the Plaintiff's failure to disclose a six page affidavit accompanied by 329 pages of documents was cured by the Defendant having one month to examine and respond to the contested evidence.[52] Here, the Defendants received the exhibits only two weeks before trial, but the combined exhibits total only eight pages.[53] The Court finds that two weeks was enough time for the Defendant to examine and respond to this evidence. The Court finds that the Defendants were not prejudiced by the Plaintiffs' failure to disclose and, therefore, the failure to disclose was harmless. Accordingly, the Defendants' motion to exclude exhibits 19 through 22 is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Exclude Evidence of Future Medical Expenses is **MOOT**. The Defendants' Motion to Exclude Exhibits 19 through 22 is **DENIED**.

New Orleans, Louisiana, September 17, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**

[51] *Id.*
[52] 338 F.3d 394, 401-02 (5th Cir. 2003).
[53] Exhibit 19-22.